**TRI-STATE RUBBER & EQUIPMENT, INC., General Investment Corp., Tandem Transportation Corp., Transport Investment Corp., Arrow Leasing Corp., Arrow Transportation Co., and Tri-State Equipment, Inc., Plaintiffs and Counter-Defendants,**

v.

**CENTRAL STATES SOUTHEAST & SOUTHWEST AREAS PENSION FUND, an employee benefit plan, and Howard McDougall, Trustee, Defendants and Counter-Plaintiffs.**

Civ. A. No. 86–70091.

United States District Court,
E.D. Michigan, S.D.

May 15, 1987.

John W. Wolf, Joseph, Wolf & Endean, Saginaw, Mich., for plaintiffs and counter-defendants.

Douglas A. Firth, Russell N. Luplow, P.C., Bloomfield Hills, Mich., for defendants and counter-plaintiffs.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

Seven corporations ("plaintiffs") owned or controlled by Walter Bay sue for judgment declaring them not liable for a withdrawal liability assessed by Central States Pension Fund ("defendant") pursuant to 29 U.S.C. §§ 1381–1405. Defendant counterclaims for judgment enforcing the assessment and for interim payments pending final disposition. Defendant moves for partial summary judgment compelling interim payments. I have jurisdiction pursuant to 28 U.S.C. § 1331.

Defendant relies upon 29 U.S.C. § 1401(d):

> Payments shall be made by an employer in accordance with the determinations made under this part [29 U.S.C. §§ 1331–1405] until the arbitrator issues a final decision with respect to the determination submitted for arbitration, with any necessary adjustments in subsequent payments for overpayments or underpayments arising out of the decision of the arbitrator with respect to the determination.

Plaintiffs contend that no interim payments are due unless I first determine that they are "an employer."

Plaintiffs are not party to any agreement requiring contributions to defendant, but defendant contends they are liable "as a single employer," 29 U.S.C. § 1301(b)(1), for the withdrawal liability of St. Louis Freight Lines, Inc. ("St. Louis"). Liability depends upon whether, and if so when, plaintiffs and St. Louis were "businesses under common control." 29 U.S.C. § 1301(b)(1). I refused to send this question to arbitration and determined to resolve it myself after trial. *See Tri-State Rubber & Equipment, Inc. v. Central States Pension Fund,* mem. op. and order (Nov. 6, 1986) [Available on WESTLAW, DCT database]. *See also Central States Pension Fund v. 888 Corporation,* 813 F.2d 760, 764 (6th Cir.1987) ("Questions involving statutory interpretation rather than factual issues are not within authority or expertise of arbitrators. Accordingly, the exhaustion of administrative remedies doctrine does not apply.").

■ I hold that § 1401(d) does not require interim payments from plaintiffs. By its terms, the section applies only to "an employer." No court has required interim payments from a company that claims it was never "an employer."[1] Furthermore, the statute contemplates an arbitration proceeding, not a lawsuit in federal court. *But cf. Republic Industries v. Central*

1. Two courts have required interim payments from companies that claimed to have lost their status as employers prior to withdrawing from the fund. *Banner Industries, Inc. v. Central*

**48**

*Pennsylvania Pension Fund,* 693 F.2d 290, 298 (3d Cir.1982) (pending disposition of a federal suit challenging the constitutionality of the withdrawal liability provisions, employer required "to either make interim payments ... or otherwise ensure that such payments will be made ... should litigation be resolved in the Fund's favor.").

■ Defendant relies on *Marvin Hayes Lines v. Central States Pension Fund,* 814 F.2d 297, 299 (6th Cir.1987) (replacing 806 F.2d 655): "It is clear that during the pendency of any dispute ... interim payments of withdrawal liability must be made to the Plan." The context of this statement limits its application to arbitrable disputes over the computation of withdrawal liability:

[W]hen an employer withdraws from a multiemployer pension plan, it is compelled to make withdrawal liability payments.... Recognizing that the employer and the Plan may not always be in agreement as to the computation of withdrawal liability, the statute provides detailed dispute resolution procedures. 29 U.S.C. §§ 1399 and 1401. It is clear that during the pendency of any dispute, however, interim payments of withdrawal liability must be made to the Plan. If errors are found in the original computation, these are to be corrected either by the arbitrator ... or by judicial review....

*Marvin Hayes,* 814 F.2d at 299. Whether plaintiffs are "an employer" subject to the provisions governing withdrawal liability is an issue that does not involve computation or arbitration.

Accordingly, defendant's motion for partial summary judgment compelling interim payments is DENIED.

IT IS SO ORDERED.

*States Pension Fund,* 657 F.Supp. 875 (N.D.Ill. 1987) (Westlaw); *Warrior Coal Co., Inc. v. Connors,* 649 F.Supp. 1090 (W.D.Va.1986). These holdings are inapposite because "whether one remains an employer on the date of a withdrawal is not the same issue as whether one ever became an 'employer'...." *Banner, supra,* 657 F.Supp. at 882.